## THE PEOPLE *v.* WILLIAM MANAHAN.

GRAND JURY.—If there is more than one person in custody awaiting the action of the grand jury, and out of the grand jurors summoned the first thirteen are impanelled as a grand jury for the term, and three of these have formed an opinion as to the guilt of one of the persons in custody, and are challenged by him for that reason, the Court may direct the jury to pass on all the cases except that of the challenger, and summon a special grand jury to pass on his case.

IDEM.—In such case the Court need not empanel another grand jury to consider the challenger's case, by taking the ten who were qualified, and filling up the remainder of the panel out of the other jurors in attendance who had been summoned; but may in its discretion summon an entire new grand jury.

EVIDENCE AS TO TIME CRIME WAS COMMITTED.—If, on the trial on an indictment for rape, charged to have been committed in January, 1865, the witness by whom the prosecuting attorney expects to prove the crime, in answer to his question whether at that time the defendant made propositions to her, states acts of his not amounting to the offense charged, this does not prohibit him from proving by her the commission of the offense at a time other than that before referred to by the witness.

APPEAL from the County Court, Sonoma County.

When the thirteen grand jurors had been impanelled, there were seven others in attendance who had been summoned. The defendant was indicted for the crime of rape, and convicted and sentenced to confinement in the State Prison for the term of twenty years, and appealed.

The other facts are stated in the opinion of the Court.

*Latimer & McCullough*, for Appellant.

The Court should have called fifteen of the grand jurors, and not stopped at thirteen. (Act concerning jurors, Sec. 11.) After defendant's challenge, the Court should have filled the panel from the remaining seven in attendance. (Id., Sec. 12.) The Court also erred in ordering the Sheriff to summon any special grand jurors, so long as any of those regularly drawn and in attendance remained. (Id.) The Court also erred in ordering a special grand jury. In no case can the Court form a new grand jury unless a challenge to the whole panel has been made and sustained. The admission of the testimony with respect to the several acts of the defendant was error. (Roscoe's Crim. Ev. 80.) Evidence of a distinct offense cannot be admitted to prove another offense. *A fortiori*, evidence of an intention to commit another offense cannot be admitted. (*Kinchelow* v. *The State*, 5 Humph. 9.)

*J. G. McCullough, Attorney-General*, for the People.

Defendant was not entitled to have the first thirteen grand

jurors called impanelled. (*People* v. *Roberts*, 6 Cal. 216 ;
*People* v. *Buster*, 8 Cal. 439 ; *Stewart* v. *The State*, 1 Ohio,
N. S., 68.) Such matters being in the discretion of the Court
below, unless injury appears the Court will not intervene.
(*Com.* v. *Livermore*, 4 Gray, 19 ; *Montague* v. *Com.*, 10 Grat-
tan, Va., 767.) If twelve competent grand jurors found the
indictment, it is no injury to. the defendant that some other
twelve competent men did not find it. (*U. S.* v. *Cornell*, 2
Mason, 106.) The Court could not have done otherwise than
it did do. If the Court had excused the jurors challenged,
and filled out the panel with others summoned, the other
defendants in custody might have excepted.

By the Court, SAWYER, J. :

The proper number of grand jurors having been regularly
summoned for the October term of the County Court of
Sonoma County, when the Court was about to impanel a
grand jury, the first thirteen who answered to their names
were called to the jury box, and, upon examination on the
part of the defendant, three were ascertained to have formed
and expressed opinions as to the defendant's guilt, and on that
ground were challenged by him. There were two other parties
in custody, also awaiting the action of the grand jury. These
latter parties having no good objection to any of those called,
the said first thirteen who answered were impanelled and
sworn, as the regular grand jury for the October term, and
where charged by the Court to investigate all matters proper
for their consideration, except the case of the defendant, but
not to consider his case. Upon the challenge by the defend-
ant of the three grand jurors who had formed opinions as to
his guilt, the Court, instead of rejecting them and filling up
the panel out of the remaining jurors who had appeared,
made an order for the summoning of a special grand jury for
the examination of the defendant's case. To all of these pro-
ceedings the defendant excepted, and the action of the Court
is assigned as error. It is claimed, on behalf of the defendant,

that he was entitled, as a matter of right, under the law, to the ten out of the thirteen found qualified, and to have the three who were disqualified set aside, and the panel completed out of those summoned, who had appeared. This cannot be so. The statute concerning grand and trial jurors is somewhat loosely drawn, but to give it such a construction would manifestly lead to absurd consequences. The rights of the defendant are no more sacred, and no more extensive, than the rights of the other two prisoners who were in actual custody at the time, or of twenty who might be in custody. If this claim of the defendant to have the first ten grand jurors who were qualified, and to have the panel filled up from the others summoned who were in attendance, must be allowed as a matter of right, then a claim on the part of the other two—or more, if there had been more prisoners—to the first thirteen who were qualified must also be allowed, and the other two prisoners were entitled to the very thirteen who were in fact impanelled, and who did constitute the regular grand jury for the term. In fact, upon the theory claimed, it might well be impossible to obtain a grand jury competent to act upon the case of more than one party in custody. The Court impanelled the first thirteen, so we cannot tell what the other two prisoners would have done had the three jurors been rejected; but if it was their right to except on that ground, and insist upon the invalidity of the indictment because of the rejection, it may safely and properly be assumed that the exception would have been taken. Thus, upon the theory maintained by the appellant, it was impossible for the Court to impanel a grand jury by which a valid indictment could have been found against all the defendants in custody at that term. Such a consequence would be absurd. But there is no necessity for such a construction. There was a lawful grand jury impanelled in the regular way for all the cases requiring examination at that term except the defendant's. His case was the exception, and therefore the special one, and the Court in the exercise of its discretion under the circumstances, treated it as such, and ordered a special grand jury.

But conceding the grand jury impanelled to be a regular grand jury, perhaps it is intended to be claimed—although the point is not very distinctly made—that another grand jury should have been impanelled to consider the case of defendant by taking the first ten who were qualified, and filling up the panel out of the remaining jurors in attendance who had been summoned. Admitting such a mode of obtaining a grand jury for the case to be proper—and we see no reason why this course might not properly be pursued—this conclusion by no means necessarily follows. There is no provision expressly requiring a grand jury to be obtained in this way. The statute, in the ordinary course of proceedings, contemplates but one regular grand jury to be impanelled for each term. If more than one is called for, the second is a special grand jury. A grand jury made up in part of the members of a jury already impanelled, and in part of other jurors, would still be a different body, and might have a different foreman; and when so made up for an exceptional and special case, would as clearly be a special grand jury as though it were composed entirely of different members. In this case there was a legal grand jury regularly impanelled for the term, competent to consider every case but the defendant's, but incompetent by reason of the disqualification of three of its members to consider his case. It was therefore proper to impanel a special grand jury to consider it. When such a necessity arises the law authorizes such special grand jury to be summoned, and one was summoned in the mode prescribed, and the record discloses no objection to it, unless the questions already discussed constitute an objection. We think the indictment was found by a legal grand jury. The Court properly exercised the discretion conferred on it by the statute. (*People* v. *Arceo, ante,* 40.)

The only other questions relate to the admissibility of the testimony of Susan Wiseman—a girl between eleven and twelve years of age—upon whom the offense was alleged to have been committed. The indictment alleged the offense to have been committed in January, 1865. After testifying that in January, 1865, she lived in the same house with defendant,

witness was asked if, at that, or any previous time, defendant made any proposition to her, and having answered that he had, she was directed to state what he proposed to do. After stating some acts not amounting to the offense charged, witness was asked if defendant did anything else at any other time, and if so, what? Defendant's counsel objected, mainly on the ground that the prosecuting attorney had attempted to prove the offense at one particular time and failed, and that he was confined to that particular time and could not inquire what occurred at any other time. The objection was overruled, and the witness having stated certain other acts not constituting the offense charged, there was a similar question, objection and ruling, and the offense was finally proved. The case does not come within the rule, or the authorities cited. There was no election by the District Attorney, or attempt to prove the offense at any previous time or place. He was required, by the rules of evidence, to avoid leading his witness, and his question was accordingly general. He did not get the testimony sought by him, and it was necessary to pursue the inquiry further. When we consider the nature of the testimony sought, and the age and character of the witness, it is not surprising that she should have avoided the most disagreeable part of the testimony as long as possible. We see nothing indicating an attempt on the part of the prosecution to prove a different offense, within the meaning of the rule.

The judgment must be affirmed, and it is so ordered.