DETERMINED IN THE

# SUPREME COURT,

46 141
92 252
92 262
92 274
i 46 141
|134 529|

## JULY TÉRM, 1873.

[No. 10,019.]

## PEOPLE *v.* SOUTHWELL.

CHALLENGE TO PANEL OF GRAND JURY. — Where S., who had been indicted for a criminal offense, but was not held to answer prior to the finding of the indictment, on his arraignment moved to set aside the indictment, on the ground of irregularities in selecting, summoning, and impaneling the Grand Jury: *held*, that the motion was in effect a challenge to the panel.

IDEM. — It is competent for the Legislature to restrict the grounds of the challenge to the panel of the Grand Jury.

RULE OF CONSTRUCTION. — A statute must be so construed, if practicable, as to give effect to every part of it, and so as to reconcile apparent inconsistencies, if it can be done without torturing the language.

GROUNDS OF CHALLENGE TO PANEL OF GRAND JURY. — It was intended by section one hundred and eighty-two of the Practice Act to restrict the right of challenge to the panel of the Grand Jury to the three grounds therein enumerated.

MOTION TO SET ASIDE AN INDICTMENT. — The grounds for setting aside an indictment, enumerated in section two hundred and seventy-eight of the Practice Act, are irregularities in the proceedings of the Grand Jury after it has been organized; and the clause providing that the indictment

shall be set aside where not found as prescribed in the Act, will not support a motion to set aside an indictment, on the ground that the Grand Jury was not properly selected, summoned, or impaneled.

IDEM. — IRREGULARITIES IN GRAND JURY. — Under section two hundred and seventy-eight the motion to set aside the indictment is addressed to irregularities in the proceedings of a valid Grand Jury, and not to irregularities in its formation.

ERROR IN SERVING VENIRE OF GRAND JURY. — A Grand Jury summoned in pursuance of a venire duly issued, is not illegal merely because the Court erroneously directed the venire to be served by the Coroner instead of the Sheriff.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The defendant was indicted for forgery, and, on being arraigned, he challenged the panel of the Grand Jury, and moved to set aside the indictment, specifying as one of the grounds of his motion that the indictment had not been found as prescribed by the statute. He alleged that the Board of Supervisors had failed to comply with the law (Stats. 1863, p. 573,) in preparing the General Grand Jury list; that none of the district lists were certified, and four of the twelve were not even signed by the Supervisors returning them; that the Board did not act upon them, and make up a general Grand Jury list from them, but that all that was done was done by the Clerk, who merely filed the district lists, entered them upon the minutes, and prepared a certified copy for the County Clerk, to whom the Clerk and the President of the Board delivered such copy. Other facts alleged appear in the opinion of the Court. Evidence was taken upon this motion, and the Court found the facts alleged, but disallowed the challenge to the panel, and denied the motion to set aside the indictment. From this order of the Court the defendant appealed.

The other facts are stated in the opinion of the Court and in the former opinion.

[The former opinion in this cause, which is referred to

in the dissenting opinion of Mr. Chief Justice WALLACE, was rendered at the January Term, 1873, and is inserted here in order to show the reasons of the Chief Justice for dissenting. After the former opinion was delivered a rehearing was granted.]

*Hall McAllister*, for Appellant.

Courts have always shown an earnest desire to quash indictments found by a Grand Jury illegally formed. Sometimes the question has arisen on a challenge to the array, sometimes on a motion to quash, sometimes on a motion to set aside the indictment, and even sometimes on motion in arrest of judgment. (*Sir Wm. Wittipole* v. *Case Croke*, Car. 134; 2 Hale Pleas of the Crown, 155; *Vattier* v. *The State*, 4 Blackford, 75, 76; *State* v. *Connor*, 5 Blackford, 325, 327; *Baker* v. *State of Mississippi*, 23 Miss. 246, 247; *Stokes* v. *The State*, 24 Miss. 622, 623, 624; *Leathers* v. *State*, 26 Miss. 77, 78; *State* v. *Williams*, 5 Porter, 135, 136; *People* v. *McKay*, 18 Johnson R. 213, 216, 217, 218.)

Defendant had never been held to answer the criminal charge on which he was indicted before the impaneling of the Grand Jury, and the first notice that he had of any such charge against him was the finding of the indictment in question. The proper time, therefore, for defendant to challenge the panel of the Grand Jury, and to move to set aside the indictment, was upon arraignment. (1 Hittell Digest, Art. 1866; *People* v. *Vreeland*, 6 Cal. 98; *People* v. *Beatty*, 14 Cal. 571; *People* v. *Turner*, 39 Cal. 376, 377; *People* v. *Marsh*, 6 Cal. 543; *People* v. *Stuart*, 4 Cal. 224; *People* v. *Millsaps*, 35 Cal. 48.)

*John L. Love*, *Attorney General*, and *D. J. Murphy*, for the People.

It is clear that the statute provides certain grounds of challenge to the panel of Grand Jurors, and excludes all

objections to the panel upon other grounds.  It seems clear
to us that every ground upon which the defendant relies in
support of his motion to set aside the indictment, is an ob-
jection to the Grand Jury, and equally clear that no one of
such grounds is a statutory ground of challenge to the panel
of Grand Jurors.

It is doubtless competent for the Legislature to restrict
the grounds of challenge to the panel of the Grand Jurors;
and when it provides certain grounds of challenge and ex-
cludes all others, it virtually declares that a Grand Jury
against which there is no statutory ground of exception, is a
legal Grand Jury.

It would be competent for the Legislature to provide that,
in the formation of Grand Jurors, all the proceedings prior
to the drawing from the Grand Jury box of the county
should be conclusively presumed to be regular, and that in
case of obtaining persons to form or complete a Grand Jury,
by summoning from the body of the county, there should
be no challenges except to individuals for want of the statu-
tory qualifications; and if our Legislature has in effect done
something like this, we must abide by it till the power that
made it gives us something better, or at least something
different.

The Legislature might abolish all grounds of challenge
to the panel of Grand Jurors, and provide that challenges
should only be taken for cause to individual Grand Jurors.

The decisions of the Courts of other States can avail noth-
ing against the expressed provisions of our statute.  And
even dicta of our own Courts going apparently beyond the
statute, if any such there are, should not prevent this case
from being determined upon a just and independent con-
struction of the "Act to regulate proceedings in criminal
cases."

The opinion that the defendant can take advantage of the
objection relied upon in this case, by motion to set aside the

indictment upon the ground that it was not found as prescribed by law, seems to be contradicted by the letter and spirit of the statute. There will be no question that the objection referred to is an objection to the panel of the Grand Jury, for it is in substance that, by reason of the error complained of, there was no Grand Jury.

"The indictment shall be set aside * * * when it is not found as prescribed in this Act"—that is to say, the Criminal Practice Act. (Sec. 278, Crim. Prac. Act.) Nothing is prescribed in the Criminal Practice Act concerning the drawing or summoning of Grand Jurors. Nothing in regard to the Grand Jury in this case, which occurred prior to the impanelment, was under the Criminal Practice Act. "The formation of Grand Juries is prescribed by special statutes." (Sec. 180, Crim. Prac. Act.) And, therefore, we say that the provision of section two hundred and seventy-eight, that an indictment may be set aside, "when it is not found as prescribed in this Act" has reference to some error arising under the Criminal Practice Act, and not to anything arising under any other Act; and, accordingly, as the order of the County Court, which is the subject of complaint here, was made under an Act other than the Criminal Practice Act, any error in it, or connected with it, does not come within the purview of the provision that "the indictment shall be set aside * * * when it is not found as prescribed in this Act."

By the COURT :

The defendant was indicted for a criminal offense, but was not held to answer prior to the finding of the indictment. On his arraignment he moved to set aside the indictment, on the ground that certain irregularities had occurred in select-

ing, summoning, and impaneling the Grand Jury.   The motion was denied, and this ruling is assigned as error.

In its legal effect the motion was a challenge to the panel of the Grand Jury, and proceeded on the assumption that by reason of the irregularities complained of it was an illegal body which had usurped the functions of a Grand Jury, and that its pretended indictments were, therefore, void. No objection was interposed to the regularity of its proceedings, if it be assumed to have been a valid and lawful Grand Jury.   The motion, therefore, was substantially and in its legal effect a challenge to the panel; and the question for determination is whether the grounds of challenge relied upon were available to the defendant on a motion to set aside the indictment.   Section one hundred and eighty-two of the Practice Act, then in force, provided that "challenge to the panel may be interposed for one or more of the following causes only :   First—That the requisite number of ballots was not drawn from the jury box as prescribed by law.   Second—The notice of the drawing of the Grand Jury was not given as prescribed by law.   Third—That the drawing was not had in the presence of the officers or officer designated by law."

These are the *only* grounds of challenge to the panel which the statute recognizes; and all others are excluded, apparently *ex industria*.   It is not for the Courts to decide upon the wisdom of restricting the challenge within such narrow limits; and it would, doubtless, have been competent for the Legislature to restrict it still further, or, possibly, to deny it altogether.   We must take the statute as we find it, and if it impose a hardship upon persons accused of crime, the fault is with the Legislature and not with the Courts.   We hold then, first, that the defendant's motion was in effect a challenge to the panel; and second, that there can be no ground of challenge to the panel except those enumerated in the statute.   None of the irregularities

relied upon in support of the motion are included within those which the statute specifies as the *only* grounds of challenge to the panel. On the contrary, they relate, first, to certain alleged irregularities in the proceedings of the Board of Supervisors in selecting and certifying the names to compose the Grand Jury list; and second, to the action of the County Court in directing the Grand Jury to be summoned by the Coroner, instead of the Sheriff. These not being among the grounds of challenge to the panel enumerated in the statute, could not, it is clear, have been interposed as such, *eo nomine*, inasmuch as the Courts have no power to originate a new and distinct ground of challenge, in the face of the provision that those specified in section one hundred and eighty-two shall be the *only* grounds. But section two hundred and seventy-eight of the Criminal Practice Act provides that the indictment shall be set aside on motion : "First—Where it is not found indorsed and presented as prescribed in this Act. Second—Where the names of the witnesses examined before the Grand Jury are not inserted at the foot of the indictment, or indorsed upon it. Third— Where any person is improperly admitted to be present during the deliberation of the Grand Jury upon the charge specified in the indictment."

It is claimed on behalf of the defendant that if the Grand Jury was not selected and summoned as required by law, it was an illegal body, which usurped the functions of a Grand Jury, and its acts are wholly void. It is, therefore, insisted that an indictment emanating from an illegal, usurping body of this character, has no validity, and was not "found" as prescribed by the statute, in the sense in which that term is employed in section two hundred and seventy-eight, and may, therefore, be set aside on motion. But if this construction be correct, the Legislature has been guilty of the absurdity of enacting, in section one hundred and eighty-two, that there shall be *only* three grounds of challenge to

the panel, which are particularly specified, and then providing, in section two hundred and seventy-eight, that the panel may be attacked in the form of a motion to set aside the indictment, on the general ground that it was not "found" as prescribed by law, without enumerating any one or more of the numerous irregularities in the mode of selecting, drawing, summoning, or impaneling the Grand Jury, for which the indictment may be set aside on motion. On this construction of section two hundred and seventy-eight, the limitation contained in section one hundred and eighty-two is not only practically abrogated, but the entire section is superfluous, inasmuch as all the relief for which it provides, and much more, may be had under section two hundred and seventy-eight.

It is a rule of universal application in construing a statute, that some effect shall be given, if practicable, to every part of it, and that apparent inconsistencies shall be reconciled, if it can be done without torturing the language. . Applying this rule to the present case, we think that it was intended by section one hundred and eighty-two to restrict the right of challenge to the panel to the three enumerated grounds, and that no other objection to the panel can be entertained, in the form of a motion to set aside the indictment or otherwise.

We are also of opinion that the grounds for setting aside an indictment enumerated in section two hundred and seventy-eight are irregularities in the proceedings of the Grand Jury after it has been organized; all of which are particularly specified, unless it be those falling within the first subdivision, providing that it shall be set aside "where not found indorsed and presented as prescribed in this Act." But the meaning of this phrase becomes apparent on referring to the preceding sections, two hundred and twenty-nine, two hundred and thirty-two, and two hundred and thirty-three, the first of which provides that an indictment cannot

be "found" without the concurrence of at least twelve Grand Jurors, and when found it shall be indorsed "A true bill," and the indorsement shall be signed by the foreman. Section two hundred and thirty-two provides that the names of the witnesses examined shall be inserted at the foot of the indictment or indorsed upon it, before it is presented to the Court; and section two hundred and thirty-three requires the indictment to be presented by the foreman to the Court in the presence of the Grand Jury. If not "found, indorsed, and presented," in this manner, it may be set aside on motion. Possibly there may be other irregularities in the proceedings of the Grand Jury which would establish that the indictment was not "found" as prescribed in the Act, but the above are referred to as illustrating the nature of the irregularities for which an indictment may be set aside under section two hundred and seventy-eight, as not "found," indorsed, and presented in accordance with the statute. We are convinced that this section furnishes no support to the proposition that an indictment may be set aside on motion, on the ground that the Grand Jury was not properly selected, summoned, or impaneled.

Counsel have presented with much earnestness the apparent hardship to result from a construction of the statute, which precludes a defendant from showing that the indictment proceeded from an illegal and unauthorized body. Cases may be imagined in which, doubtless, there would be good ground for complaint that the right of challenge to the panel was restricted by section one hundred and eighty-two within too narrow limits. But if the statute is defective, we cannot supply its deficiencies, and the remedy must be sought from the Legislature.

It may be that if a paper be presented to the Court in the form of an indictment, but which was found by a body of men having no semblance of authority to act as a Grand Jury, it would be the duty of the Court to strike it from the

files as a mere nullity, and as wholly worthless for any purpose. It would have no proper place among the files of the Court, and ought, therefore, to be removed from them. But the motion to set aside the indictment under section two hundred and seventy-eight would have no application to such a case. Under that section the motion is addressed to irregularities in the proceedings of a valid Grand Jury, and not to irregularities in the formation of the Grand Jury itself. But it is not every slight irregularity which may occur in the formation of a Grand Jury which would justify the Court in striking the indictment from the files as a nullity. Otherwise there would be no need of a challenge to the panel, as all objections to the Grand Jury could be taken on a motion to strike the indictment from the files. The true distinction lies between the acts of a body having no semblance of authority to act at all, and of a body which, though not strictly regular in its organization, is, nevertheless, acting under a color of authority. In the former case the acts of the wholly illegal body are nullities, having no proper place among the files of the Court. But in the latter case section one hundred and eighty-two of the statute prescribes the only method by which mere irregularities in the formation of the Grand Jury can be inquired into. The case at bar comes within the latter category. On the facts disclosed by the record it cannot be affirmed that the Grand Jury had no semblance of authority, and were acting without color of lawful right. It was regularly drawn from a Grand Jury list, duly certified ; and some of them having been excused, the deficiency was supplied by a venire properly issued by the order of the Court. We think the Court erred in directing the venire to be summoned by the Coroner instead of the Sheriff. But this was only one of the irregularities for which the statute has failed to provide a remedy. A Grand Jury, summoned in pursuance of a venire duly issued, cannot be said to be a wholly illegal

body having no semblance of authority, merely because the Court erroneously directed the venire to be served by the Coroner instead of the Sheriff. It was an error of which the defendant, perhaps, might justly complain; but the statute has provided no remedy for it.

Judgment affirmed; remittitur forthwith.

WALLACE, C. J., dissenting:

I dissent from the opinion and judgment of the majority, for the reason and upon the grounds set forth in the former opinion delivered in this case.

[Opinion delivered at the January Term, 1873.]

By the COURT:

1. By the second section of the "Act concerning jurors in the City and County of San Francisco" (Stats. 1863, p. 573), it is provided, among other things, that, after the completion of the general list of grand and trial jurors by the Board of Supervisors, it shall be certified by the President and Clerk of the Board, and deposited with the County Clerk. We are satisfied that, under the true construction of the Act, the certificate of those officers appended to the list is conclusive against all inquiry thereafter into the regularity of the proceedings antecedent to the making of the certificate, and that in so far as the challenge interposed by the defendant, and the motion to set aside the indictment, were grounded upon the supposed irregularity in the proceedings of the Board, the motion and challenge were correctly denied.

2. The motion to set aside the indictment was, however, based upon the further ground that the Grand Jury was not summoned by the Sheriff.

It appears that on the 4th of November, 1872, the County Court made an order for the drawing and summoning of twenty-four persons to form a Grand Jury for the November term of that Court; the drawing was afterwards had according to the statute, and of the twenty-four persons whose names were drawn only fourteen were summoned and attended upon the Court; of these fourteen only three were accepted and sworn of the Grand Jury by whom the indictment in question here was subsequently found. The County Court, in order to complete the Grand Jury, thereupon entered an order reciting the fact that the number of persons summoned by the Sheriff and present in Court was insufficient to form a Grand Jury, and stating that, "whereas, it is the intention of the Court to submit to the examination of said Grand Jury, when formed, certain alleged acts of malfeasance and negligent performance of duty in connection with the Sheriff's office of this city and county," and thereupon directing that the Coroner of the said city and county summon from the body of the county, but not from bystanders, thirty good and lawful men to complete the Grand Jury, etc.

With the exception of the three persons who had been already accepted and sworn as aforesaid, the Grand Jury by which the indictment in question was found was composed of persons summoned by the Coroner under this order of the County Court.

The Act concerning Coroners (Stats. 1871–2, p. 408) provides that the Coroner shall perform the duties of Sheriff in all cases where the Sheriff is interested, or otherwise incapacitated from serving. The general duty of the Sheriff is to execute the process, writs, warrants, and orders of the Courts of justice and judicial officers. (Stats. 1851, p. 190.)

The cases in which this duty may be lawfully performed by the Coroner instead of the Sheriff are exceptional in their character. It does not appear that any criminal charge

was pending against the Sheriff at the time the order of the County Court directing the Coroner to summon the Grand Jury was entered. If such a charge had been pending, however, we think that the order of the County Court could not have been supported. The duties of a Grand Jury extend to an inquiry into all public offenses committed or triable in the county. A due regard to the rights of all persons accused, or to be accused by the Grand Jury, requires that that body should be summoned by the officer intrusted by law with the performance of that duty. Even though a criminal charge be pending against the Sheriff at the time, yet so long as he continues to hold his office and discharge its general duties, other persons whose rights are to be affected by judicial proceedings, have a right to insist that he shall still perform the duties assigned by law to the incumbent of the office, and the mere suggestion of the Judge of the County Court entered of record to the effect that it was his intention to submit certain acts of official malfeasance and negligence to the consideration of the Grand Jury, when formed, did not operate to remove the Sheriff, or to cast the performance of his duties upon the Coroner. Undoubtedly, if a criminal charge had been actually pending against the Sheriff, the Court might have instructed the Grand Jury summoned by the Sheriff not to consider the charge against that officer, and might also, at the proper time thereafter, and after the discharge of the regular Grand Jury, have directed another one to be summoned by the Coroner instead of the Sheriff, for the purpose of investigating such charge. This course would have been within the rule laid down here in *People* v. *Manahan*, 32 Cal. 68.

3. The only remaining question is as to the right of the prisoner to present the objection by way of a motion to set aside the indictment. And of this we have no doubt. He

CAL. REPS. XLVI—20

had not been held to answer before the finding of the indictment, and, therefore, had no opportunity to challenge the panel on that ground. But had he been held to answer before the finding of the indictment, the objection that the Grand Jury was summoned by the Coroner, and not by the Sheriff, was not ground of challenge to the panel. (Hitt. G. L., Sec. 1767, *et seq*.) That an opportunity to present an objection of so grave a character must, however, be afforded the accused at some time and in some way is clear, and we think that it may be availed of by motion because *not found* as prescribed by law. (Crim. Prac. Act, Sec. 278.)

Judgment reversed and cause remanded, with directions to set aside the indictment.