CLEMENTE J. RODRÍGUEZ-CARLO, Petitioner and Appellant, *v.* JACINTO GARCÍA-RAMÍREZ and PEDRO NIEVES, AUDITOR AND TREASURER OF THE MUNICIPALITY OF GUÁNICA, and JUAN B. HUYKE, COMMISSIONER OF EDUCATION, Respondents and Appellees.

No. 3595. Argued April 29, 1925.—Decided April 28, 1926.

*Francisco Parra Capó* and *Leopoldo Tormes* for the appellant. *Hon. H. P. Coats* and *C. Llauger Díaz* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

Appellant Clemente J. Rodríguez Carlo petitioned the lower court for a writ of mandamus directed to Jacinto García Ramírez and Pedro Nieves, auditor and treasurer of the municipality of Guánica, and to Juan B. Huyke, Commissioner of Education of Porto Rico, commanding the first two to draw a check in his favor for the sum of $1,533.33 and directing the Commissioner of Education to approve it, alleging that that amount was agreed to be paid to the petitioner by the Municipal Assembly of Guánica and appears in the appropriation for public instruction as salaries that were not paid to him as municipal commissioner of education of Guánica.

The municipal auditor and treasurer did not object to the petition, but it was opposed by the Commissioner of Education of Porto Rico in the form of a demurrer on the ground that the facts stated therein did not justify the issuance of a writ of mandamus for the reason, as stated orally, that the duty imposed upon the Commissioner of Education of Porto Rico is discretional and not ministerial. The lower court dismissed the petition for a peremptory writ of mandamus on the ground that the power to approve the said disbursement was not ministerial but discretional given by law to the Commissioner of Public Education of Porto Rico. And in the appeal taken from that decision by the petitioner he alleges that the holding was erroneous because the power to approve given by the law to the Commissioner of Education of Porto Rico is ministerial and not discretional, for

which reason judgment should have been rendered in his favor.

Section 17 of our Organic Act provides that the Commissioner of Education shall superintend public instruction throughout Porto Rico, and that all proposed disbursements on account thereof must be approved by him. One of the provisos of section 44 of the Municipal Law is that the commissioner of municipal finance shall make no payment or disbursement on account of the budget for public education without the approval of the Commissioner of Education as provided by the Organic Act.

In view of those statutes the whole question in this case turns on whether the provision contained in the Organic Act to the effect that all proposed disbursements on account of public instruction in Porto Rico shall be approved by the Commissioner of Education imposes on him a ministerial duty or a discretional duty.

The cases of *San Millán* v. *Municipal Assembly of Arecibo,* 32 P.R.R. 259; *Axtmayer* v. *Kessinger,* 32 P.R.R. 841, and *Buitrago* v. *Medina,* 33 P.R.R. 418, which the appellant cites in support of his appeal, give us no light on the question involved in this case, inasmuch as the first case has no relation to the question herein, since it was not even remotely treated therein. In the second case the question decided by a majority of the court was that as the Board of Trustees of the University of Porto Rico had the power by law to appoint the teachers and fix their salaries, it was the duty of the Auditor of Porto Rico to issue the necessary documents for their payment; but that case has no relation to the present case because section 20 of the Organic Act gives to the Auditor only the power to audit all expenditures of funds or property pertaining to the government, an appeal against his decision being allowed. Nor in the case of *Buitrago* v. *Medina* was the fundamental question involved in this appeal raised.

■ Inasmuch as the Commissioner of Education of Porto Rico is bound by law to superintend public instruction throughout the Island, he was given correlatively the power to approve the disbursements on account thereof, a power which necessarily must be discretional for, if such were not the case, then not he but the persons submitting the disbursements for his approval would be the superintendents. The power to approve involves the use of discretion, and it was so held in the case of *State* v. *Smith*, 24 Montana, 44, 57 Pac. 449 (1889), wherein the court said: "The expression, 'shall be subject to the approval,' implies that there may be a disapproval. The word 'approve' means 'to pronounce good; think or judge well of . . .'." As said in *Cosme* v. *Colusa County*, 58 Cal. 274, the power to approve involves the idea of discretion and adjudication.

■ Therefore, since the power given to the Commissioner of Education to approve the disbursements submitted to him is discretional, the court below did not commit the error assigned by the appellant, inasmuch as the writ of mandamus does not lie to compel the fulfilment of a duty that is discretional and not ministerial. At any rate, the petitioner is not without remedy, for as there is a judgment ordering the municipality to pay to the petitioner the salaries earned by him as municipal commissioner of instruction during the time he remained illegally discharged by the municipal assembly, the municipality should pay that amount out of its general funds and not out of the special funds for public instruction.

The judgment appealed from must be affirmed.

Justices Wolf and Franco Soto dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

There was little or no question that the amount sought to be obtained was due the petitioner. The faculty of the Auditor to revise accounts is, if anything, greater than the Commissioner of Education. If in *Axtmayer* v. *Kessinger*, 32 P.R.R. 841, the petitioner had a remedy and the duty of

the respondent was ministerial, the same if not a greater right existed here and the duty was in the same way ministerial. While in the *Kessinger Case* I dissented, it was only on the ground that the petitioner there had not exhausted his administrative remedies by appealing to the Governor.