[Civ. No. 21502.   First Dist., Div. Three.   Dec. 4, 1964.]

ARTHUR McGILL, Plaintiff and Appellant, v. THE CITY AND COUNTY OF SAN FRANCISCO et al., Defendants and Respondents.

Solomon, Polonsky & Miller and Albert E. Polonsky for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and William F. Bourne for Defendants and Respondents.

DEVINE, J.—Appellant was a motorman employed by the Public Utilities Commission of the City and County of San Francisco for the Municipal Railway. His employment started April 8, 1957, but he was a limited tenure employee under section 145.1 of the city charter until April 17, 1962, when the manager of the railway took the first step to terminate appellant's employment. The manager wrote a letter to the public utilities commission recommending dismissal. The commission referred the matter to the civil service commission because of section 145.1, which reads as follows: "Limited tenure appointments may be terminated by the appointing officer for good cause at any time *with the approval of the Civil Service Commission* without reference to the procedures governing removal set forth in section 154 hereof." (Italics added.)

The civil service commission disapproved the termination but ordered that appellant be suspended for a period of 90 days. The manager asked for reconsideration but the civil service commission refused the request because, as the commission stated in a letter, "there had not been good cause for this termination," and the commission reaffirmed its previous decision. The manager of the railway thereupon acted to terminate the employment without the approval of the civil service commission. Appellant then sought writ of mandate to compel his reinstatement. (Neither appellant nor respondents question the right of the civil service commission to impose the penalty of suspension.)

Judgment was rendered in favor of the individual members of the public utilities commission, upon sustaining of demurrer without leave to amend, and although the appeal is from the entire judgment, appellant has not urged this part of his appeal, presumably because there is no need to have a writ run against these commissioners. The essential parts of the judgment by the trial court are that the manager of the railway terminated appellant's employment upon good cause;

that the civil service commission's jurisdiction is restricted to a review of the appointing officer's terminating action, and that if good cause actually is present, the officer's action may not be reversed by the commission; and that in this case the commission acted in excess of its jurisdiction in determining there had not been good cause to support the manager's action.

The facts which were before the civil service commission and the trial judge are quite simple. During the five years of appellant's service, 22 complaints by passengers had been filed against him for discourtesy. In at least one of these instances, the record shows that the complaining party telephoned to the railway office saying he was at fault and wished to apologize. Also, appellant had been awarded a courtesy emblem and 12 commendations. He had been reprimanded for discourtesy and had been warned, on August 24, 1959, that continued reports of this offense would result in a recommendation for dismissal. He had been suspended twice, for one day and two days, respectively.

The incident which was the immediate cause of appellant's dismissal, however, was that which is described in this paragraph. It was referred to by the manager, in a letter dated July 19, 1962, to the commission, as the ''basic reason for the termination,'' although discourtesy was also mentioned as a factor in the same letter. The incident was one in which there was a collision between the coach operated by appellant and an automobile. One witness reported that the automobile was crowding the bus. Two witnesses reported that the automobile driver hurled an insult at appellant. The epithet, when coupled with reference to his race, was particularly offensive. Appellant apparently conceded that he left the bus and grabbed the driver by the coat lapel, but it seems that the driver said he was struck by appellant. (No testimony or formal report by the driver of the automobile is in the record.) Appellant was cited to appear in the district attorney's office, but no charges were filed. The trial court, on petition for writ of mandate, found that the railway manager had taken into consideration numerous complaints of discourtesy, and that appellant had left his coach, in the incident referred to above, and had ''sought to attack the driver of the automobile.''

The primary question before us is not whether we should find independently that there was good cause for termination of appellant's employment, nor even whether we should find that there was substantial evidence before the civil service

commission and before the trial court of such good cause, but rather whether termination can be accomplished by the appointing officer without the approval of the civil service commission, despite the charter provision quoted above.

We conclude that the appointing officer may not terminate the employment of a limited tenure employee without the approval of the civil service commission, that the employee for whose purported termination no approval has been obtained need not prove to a trial court that the termination was not for good cause, and that the writ of mandate should have been granted. Our reasons are: (1) The plain terms of the charter section. We cannot read the section which states that dismissal shall be ''with the approval of the Civil Service Commission'' to mean ''without the approval of the Civil Service Commission if a court finds that the appointing officer had good cause.'' We cannot, as respondents would have us do, reduce the power of the civil service commission to that of appellate review of the appointing officer's decision. This would be, in effect, putting into the charter something that is not there. The judicial function is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. (Code Civ. Proc., § 1858.) (2) When a statute requires approval of an officer, presumptively it includes the right to disapprove. (*Cosner* v. *Colusa County,* 58 Cal. 274, 277-278; *People* v. *Hall,* 140 Cal.App.Supp. 745, 754 [31 P.2d 831].) It is true, as stated in *Cosner, supra,* at page 277, that the statute may show that the required ''approval'' is to be merely ministerial (but this is not contended by respondents), or that it is limited, in the nature of an appellate review, but we find no such indication in the charter section itself, and we find reasons against such an interpretation, which are next set forth. (3) The charter, by section 141, gives a high status to the commission, as follows: ''The Civil Service Commission shall be the employment and personnel department of the City and County. . . .'' (4) To hold with respondents would bring about the situation present in this very case, which is cumbersome and expensive to the employee, and inappropriate, in the absence of specific legislation directing it, to the courts. The employee, under respondents' interpretation, having succeeded in causing the civil service commission to withhold approval of his termination, must yield to the appointing officer's unapproved

decision if that officer refuses to accept the civil service commission's ruling, or seek mandamus from a court, proving to the court the absence of good cause for the officer's act. If it was the intention of the framers of the charter, and of the voters and of the Legislature which approved it, that employees should be put to this process and that the courts should take a hand in the matter, bringing the courts close to administrative decisions, the charter should have spelled this out.

We do not find merit in the city's argument that the civil service commission must have found "good cause" or it would not have suspended appellant. It did not find good cause for termination and explicitly said this, but it found good cause for the lesser discipline.

Judgment in favor of the individual public utilities commissioners, on sustaining of demurrer without leave to amend, affirmed. Judgment in favor of the City and County of San Francisco reversed, with directions to the trial court to proceed in conformity with this opinion. Appellant to recover costs from respondent city and county.

Draper, P. J., and Salsman, J., concurred.