[In Bank.—October 26, 1883.]

## THE PEOPLE, RESPONDENT, *v.* HERMAN SCHMIDT, APPELLANT.

CRIMINAL LAW — MURDER — PRACTICE — DEMURRER — MOTION. — The grounds enumerated in section 995 of the Penal Code are the only ones upon which an indictment or information may be set aside on motion; and those enumerated in section 1004 of the same Code are the only ones upon which a demurrer to an indictment or information may be based.

ID. — JEOPARDY — FORMER CONVICTION. — Where a judgment of conviction of murder has been reversed on appeal by defendant and remanded for further proceedings because of a defective information, and the action is dismissed under the provisions of section 1385 of the Penal Code, and a new information filed for the same offense, the defendant cannot plead "once in jeopardy" and "former conviction" as a bar to the new information.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial

The facts are sufficiently stated in the opinion of the court.

*John W. Turner,* and *Gray & Sexton,* for Appellant.

*Attorney-General Marshall,* for Respondent.

McKEE, J.—The appeal in this case is from a judgment of death pronounced against the defendant upon a conviction for

murder in the first degree, upon an information filed March 13, 1883, in the Superior Court of Butte County, and also from an order denying a motion for new trial.

It is stipulated in the record of the case that the verdict was warranted by the evidence, except on the issues of "once in jeopardy" and "a former conviction"; also that all the proceedings at the trial were regular with the exception of the errors which are specified.

The specifications of error are, that the court refused to set aside the information upon motion, overruled a demurrer to the information; and after conviction refused to arrest the judgment, and denied defendant's motion for a new trial.

The grounds enumerated in section 995 of the Penal Code are the only grounds upon which an indictment or information may be set aside on motion (*People* v. *Southwell*, 46 Cal. 141); and those enumerated in section 1004 of the Penal Code are the only grounds upon which a demurrer to an indictment or information may be made. Neither the motion to set aside the information nor the demurrer to the information was based upon any of the grounds enumerated in these sections, except that one of the grounds of the motion was that the defendant had not been legally committed by a magistrate before the filing of the information; and one of the grounds of the demurrer was that the information did not conform to the requirements of sections 950, 951, and 952 of the Penal Code. But the information substantially conformed to those sections; and the record of the case shows that the defendant had been legally committed by a magistrate pursuant to section 872 of the Penal Code, before the information was filed; there was therefore no error in denying the motion to set aside, nor in overruling the demurrer. Nor was there any error in denying the motion in arrest of judgment, because that motion was based upon the ground specified in the demurrer, which, as we have before seen, was properly overruled.

But the principal question at issue, urged by the appellant and argued on the hearing, arises out of the specification of error that the verdicts upon the pleas of "once in jeopardy" and "a former conviction" were contrary to the law and the evidence.

At the trial of the issues raised by these pleas, the defendant proved that he had been tried and found guilty of murder in the first degree for the same homicide, upon an information filed in the Superior Court of Butte County, June 29, 1882. But it was also proved that the information upon which he was convicted contained no allegation that the homicide had been committed with "malice aforethought," nor were any words of equivalent import used in it to describe the crime; the information was therefore fatally defective. Nevertheless, judgment of death was pronounced against the defendant; but he appealed from the judgment to this court, and obtained a reversal of the judgment, because of the defective information upon which the conviction was had, and the court "remanded the cause for further proceedings." (*People* v. *Schmidt,* 63 Cal. 28.) Yet the defendant contends that that conviction and judgment, although they have been set aside at his own instance, constitute a bar to further prosecution for the same crime upon the ground that he has been once in jeopardy. The mere statement of the proposition would seem to be its own refutation; for the judgment having been vacated and the conviction set aside at the instance of the defendant himself, there was no existing judgment or conviction which could be availed of as a bar to the action. No case can be found where, the verdict of guilty having been set aside on motion of the prisoner, it has been held a bar to another trial. (*U. S.* v. *Keen,* 1 McLean, 435.)

But it is argued that on reversing the judgment this court did not remand the case for a new trial, and that in consequence of the failure to order a new trial the defendant was entitled to be discharged. A new trial upon a fatally defective information would be a vain thing; the case was therefore remanded for further proceedings. That did not entitle the defendant to be discharged from custody if the law authorized his detention. The legal effect of the remanding order was to remit the defendant to his original position upon his plea of not guilty to the information on file, just as though a trial had never been had, and upon the going down of the remittitur to the Superior Court that court had jurisdiction to proceed in the case before it in any way authorized by the criminal law.

Now, a Superior Court in which a criminal action is pending

has authority to dismiss the action, and to direct the resubmission or re-examination of the charge, and, in the mean time, detain the defendant in custody for his appearance to answer a new indictment or information in the following cases:—

1. Where in the trial of a cause it appears that the facts as charged do not constitute an offense punishable by law, and, in the opinion of the court, a new indictment or information can be framed, upon which the defendant can be legally convicted. (§ 1117, Pen. Code.)

2. Where, after a verdict of acquittal has been given because of a variance between the pleading and proof which may be obviated by a new indictment or information. (§ 1165, Pen. Code.)

3. When, after an order in arrest of judgment, it appears to the court from the evidence given on the trial, there is reason to believe the defendant guilty, and a new indictment or information can be framed upon which he may be convicted. (§ 1188, Pen. Code.)

4. Where, in the judgment of the court, the dismissal of the action would be " in furtherance of justice." Upon that ground the court is authorized of its own motion, or upon the application of the district attorney, to order the dismissal of an action or indictment. (§ 1385, Pen. Code.)

Under the provisions of the last cited section of the Penal Code proceedings were taken by the Superior Court against the defendant. Upon due notice given, the district attorney moved the court to dismiss the action and retain the defendant in custody for a re-examination upon a new charge for the same homicide. The defendant and his counsel were present at the hearing of the motion, and made no objection; and the court ordered the dismissal of the action upon the ground stated in section 1385, *supra*. After the entry of the order a new charge of murder was made against the defendant, upon which he was regularly examined before a magistrate and committed to answer.

The dismissal of the former action did not constitute a bar to another prosecution for the same homicide. (§ 1387, Pen. Code.) Nor did the proceedings after the dismissal and before the filing of the second information have that effect; nor could the former conviction upon the first information be availed of

for that purpose, because it had been set aside on the motion of the defendant himself. Having been set aside, at the instance of the defendant, upon the ground that the information was insufficient in form and substance to sustain the conviction, it cannot be legally said that the defendant had been already tried and convicted upon an information valid and sufficient to sustain a conviction for the same offense of which he has been since convicted upon another information. He has therefore not been tried twice for the same offense.

*The People* v. *Gilmore,* 4 Cal. 376, is not a parallel case to the one in hand. In that case the defendant was indicted for murder and convicted of manslaughter. On his own motion verdict was set aside, and he was put on trial a second time upon the same indictment, and was convicted of murder; but the Supreme Court set aside the conviction upon the ground that the former conviction for manslaughter was an acquittal for murder, and the defendant could not be retried for the crime of which he had been acquitted, although the conviction for the less offense was set aside on his own motion. That decision was followed in the case of *The People* v. *Backus,* 5 Cal. 275, and was quoted approvingly by Justice Sawyer in *People* v. *Apgar,* 35 Cal. 389, but neither Justice Sanderson nor Justice Rhodes expressed an opinion, both concurring in the judgment in the case upon other grounds.

Whether those cases would be considered as binding upon this court, under the provisions of the Penal Code, it is not necessary now to decide; for in the case in hand there has been no acquittal of a greater offense by a conviction for a lesser offense included within the greater, and there has been no retrial upon the same offense. There was a conviction for the highest offense under an information, which was adjudged insufficient to sustain the conviction; there was, therefore, no implied verdict of acquittal available for any purpose, and as the conviction was set aside on the defendant's motion, there is no existing verdict of any sort which can be availed of as a bar to a further prosecution for the same crime. Therefore, the defendant has not been in jeopardy within the meaning of the Constitution; and there was no error in denying his motion for a new trial. We find no error in the record.

Judgment and order affirmed.

SHARPSTEIN, J., McKINSTRY, J., MYRICK, J., ROSS, J., and THORNTON, J., concurred.