UNITED STATES, RESPONDENT, *v.* THOMAS R. CUT-
LER, APPELLANT.

CRIMINAL LAW.—WIFE AS WITNESS AGAINST HUSBAND.—Under sec-
tion 1156, Code of Civil Procedure, permitting a husband or wife
to testify in a criminal action for a crime committed by the one
against the other, the wife is a competent witness against her
husband before a grand jury which indicted him for polygamy.
ID.—QUASHING INDICTMENT.—Under Code of Criminal Procedure the
fact that an indictment is found solely on the testimony of an
incompetent witness is not ground for quashing the indict-
ment.

APPEAL from a judgment of the district court of the
first district. The opinion states the facts.

*Mr. S. R. Thurman* and *Mr. George Sutherland,* for
appellant.

*Mr. George S. Peters* and *Mr. Ogden Hiles,* for re-
spondent.

BOREMAN, J.:

The appellant was convicted of the crime of polygamy.
Upon the calling of the case in the district court, the de-
fendant moved the court to quash or set aside the indict-
ment on the ground that the indictment was found on the
evidence of an incompetent witness; that said alleged in-
competent witness was the legal wife of the defendant, and
was compelled against her own will and against the will of
the defendant, to testify before the grand jury that found
the indictment. The motion to quash was overruled in
the district court, and the defendant has appealed the case
to this court. The statute upon which the defendant bases
his objection to the indictment reads as follows: "A hus-
band cannot be examined for or against his wife without
her consent, nor a wife for or against her husband with-
out his consent; nor can either, during the marriage or
afterwards, be, without the consent of the other, examined

as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other." Laws of Utah, 1884, p. 359, sec. 1156. This court has already held that a crime of this character is a crime committed by the husband against the wife, and that she is a competent witness against him. *U. S.* v. *Bassett*, ante p. 131. After further consideration of the question in the case at bar, we have no disposition to depart from the views expressed by us in the *Bassett Case*. The legal wife of the defendant was called as a witness before the grand jury, and, as this was a crime committed against her, we see no reason whatever for holding that she was incompetent. Had it been any other kind of a case than a crime against her, she would, under the statute just quoted, have been incompetent as a witness.

The respondent objects to the motion to quash as not being based upon any ground authorized by law; that the fact that an indictment was found solely upon the testimony of an incompetent witness is not, under our statutes ground for setting aside or quashing an indictment. The statute specifies four grounds for setting aside an indictment, and that set up in the motion is not embraced in any of them. The first ground set forth in the statute is the only one that could by any possiblity be construed as embracing it; but we deem that it is settled by the practice in this territory, and by decisions under similar statutes, that the ground of the motion to quash is not within the statute. *People* v. *Colby*, 54 Cal., 37; *State* v. *Logan*, 1 Nev., 509. Indeed, we do not understand the counsel for the defendant as contending that it comes within the statute; but they claim that outside of the statute, under the common law practice, the indictment should have been quashed. We do not, however, see any ground for such position. With the statute before us, we find no authority to go outside of it. The first section of the criminal procedure act says "that the mode of procedure in criminal cases in the courts in this territory shall be as as prescribed in this act." Laws of 1878, p. 60. We deem this

language exclusive, and we see no authority for allowing any other grounds for quashing an indictment than such as are specified in the statute. Why the legislature omitted from the statute, as a ground of a motion to quash, that set up in the motion of the defendant, is not a matter for our inquiry. It is not there, and it is not our province to place it there. The motion to quash was therefore properly overruled. Upon the whole case, therefore, we see no reason for a reversal of the decision of the court below. The judgment and order of the district court are affirmed.

HENDERSON, J., concurred.

ZANE, C. J., dissenting.

While I am of the opinion that a man who has a lawful wife commits a crime against her by entering into polygamy, I do not think that section 1156 of the Laws of Utah, quoted in the opinion of the court, should be applied in the trial of a person charged with a crime against the laws of the United States. In the case of *U. S.* v. *Reid*, 12 How., 361, Chief Justice Taney, in delivering the opinion of the court, said: "But it could not be supposed, without very plain words to show it, that Congress intended to give the states the power of prescribing the rules of evidence in trials of offenses against the United States; for this construction would in effect place the criminal jurisprudence of one sovereignty under the control of another. It is evident that such could not be the design of this act of Congress, and that the statute of Virginia was not the law by which the admissibility of Clements as a witness ought to have been decided." If the court could not presume "that Congress intended to give to the states the power of prescribing rules of evidence in trials of offenses against the United States," for the reason that "it would in effect place the criminal jurisprudence of one sovereignty under the control of another," ought the court to assume that Congress intended to give to the territories power to prescribe such rules of evidence in the trial of United States criminal cases? Such territories are not

even sovereignties, but possess only such powers as Congress has conferred upon them. The objection to the exercise of such powers by a state legislature applies with greater force to their exercise by a territorial legislature. Congress may expressly provide that the United States and territorial courts shall observe in the trial of United States cases the rules of pleading, practice, and evidence prescribed by state or territorial legislatures for the trial of state or territorial cases. By such action, Congress gives to such state or territorial laws the force and effect of laws of the United States. But the delegation by Congress to such legislatures of its authority to make such laws will not be presumed to have been intended. Congress may authorize the people of a territory to make laws, and the state legislature may confer upon the people of a city that authority. But while Congress may authorize the people of a territory to make laws for themselves, and to govern those coming within the territorial jurisdiction, it will not authorize them to make laws for the people of the United States; and so the legislature of a state may give to the people of a city power to pass ordinances for themselves, but not for the people of the state. This point was not considered by the court in the case of *U. S.* v. *Bassett*, ante, p. 131. Nor do I think that the statute enacted by the territorial legislature, specifying the grounds upon which indictments may be set aside, applies to this case. The authorities bearing on this question are cited in the dissenting opinion in *U. S.* v. *Jones,* ante, p. 555 I am of the opinion that the fact that the indictment was found solely upon the testimony of an incompetent witness constituted a sufficient ground to quash it. I dissent from the judgment of the court.