[Crim. No. 220.   Department One.—March 31, 1897.]

## THE PEOPLE, RESPONDENT, *v.* ED. WICKHAM, APPELLANT.

CRIMINAL LAW — EMBEZZLEMENT — ONCE IN JEOPARDY — DISMISSAL OF FORMER PROSECUTION—NEW INFORMATION.—Where a defendant accused of embezzlement pleaded "once in jeopardy" for the same offense, evidence that he had been previously convicted of the offense, and that, upon his appeal, the judgment was reversed, and the prosecution dismissed for failure to file the information within the time prescribed by the statute, no good cause being shown for the failure, and that the present prosecution was based upon a new information, is insufficient to establish the plea.

ID.—FELONY—PUNISHMENT FOR EMBEZZLEMENT—CONSTRUCTION OF PENAL CODE. — Under section 514 of the Penal Code, which provides that "every person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that em-

bezzled," a defendant convicted of embezzling a horse, though of the value of only forty dollars, is properly punished by imprisonment in the state prison.

APPEAL from a judgment of the Superior Court of Alameda County.   W. E. GREENE, Judge.

The facts are stated in the opinion of the court.

*W. F. Aram,* for Appellant.

*Attorney General W. F. Fitzgerald,* and *Assistant Attorney General W. H. Anderson,* for Respondent.

GAROUTTE, J.—Defendant was convicted for the embezzlement of a horse of the value of forty dollars, and appeals from the judgment.

It is claimed that the trial court committed error in refusing to admit certain evidence offered, upon the plea of "once in jeopardy." This evidence showed that defendant had been previously convicted of the offense for which he was then upon trial; that he had appealed to this court from such conviction, upon the ground that the information had not been filed within thirty days after he had been committed by the examining magistrate; that a motion to dismiss the prosecution upon that ground had been theretofore denied by the trial court; that the judgment was reversed and the cause remanded by this court, with directions "to dismiss the prosecution, unless, upon a further hearing, good cause was shown for the failure to file the information within the time prescribed by the statute"; that thereafter the prosecution was dismissed in pursuance of the order of this court, no good cause to the contrary being shown; and that thereafter a new information was filed, and this present prosecution based thereon. The facts above set forth are insufficient to establish the plea of once in jeopardy upon the second trial. When this case went back to the trial court (*People* v. *Wickham,* 113 Cal. 283), if that court, upon good cause shown, had denied the motion to dismiss the prosecu-

tion, and had proceeded to again try the defendant upon the same information, certainly no jeopardy in his favor would have existed to bar a second conviction; and the fact that the prosecution was dismissed, rather than proceeded with, does not alter the case. In all essentials, *People* v. *Schmidt*, 64 Cal. 260, covers the present case, and, upon the legal principles there declared, defendant's contention in this respect is without merit.

2. It is claimed that the court erred in rendering judgment that defendant be imprisoned in the state prison, it appearing from the verdict of the jury that the value of the property embezzled was only forty dollars. This contention involves the construction to be given section 514 of the Penal Code, which provides: "Every person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled." This section has been construed in *People* v. *Leehey* (Cal., Sept. 13, 1879), 4 Pac. Coast L. J. 75, and also in *People* v. *Salorse*, 62 Cal. 139; and, upon the authority of those cases, we hold that the defendant has been convicted of a felony.

For the foregoing reasons the judgment is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.