STATE OF IOWA v. WILLIAM J. BAUGHMAN, Appellant.

**Criminal Law:** SETTING ASIDE INDICTMENTS: *Grounds.* The grounds specified in Code, sections 5319-5321, on which a motion may be based to set aside an indictment are exclusive of others not named, and such motion cannot be founded on the fact that a member of the grand jury finding the indictment had previously formed and expressed an unqualified opinion of the defendant's guilt; that not being one of the grounds enumerated.

NEW TRIAL: *Misconduct of juror.* Where a juror, during the trial, stated in a conversation with a stranger that he was convinced of defendant's guilt,. and that it would require a great deal of evidence to change his mind, and when told that evidence might be introduced that would change his conclusions remarked that it could not be done, such remarks, though a violation of his duty, did not indicate a personal bias or prejudice, but were merely an expression of his opinion that the evidence pointed so strongly to defendant's guilt that the defense would be unlikely to overcome it, and, no harm appearing to defendant, it was not error to refuse a new trial therefor.

**Instructions:** WHEN NO INFRINGEMENT OR PROVINCE OF JURY. Expressions in the instructions that "evidence has been introduced

| 111 | 71 |
| 113 | 521 |

| 111 | 71 |
| 119 | 659 |

| 111 | 71 |
| 121 | 520 |
| 122 | 662 |

| 111 | 71 |
| 136 | 75 |

| 111 | 71 |
| 140 | 669 |

tending to show" certain facts which were in issue, were not objectionable as intimating to the jury the opinion of the court concerning the issues. *State v. Donavan*, 61 Iowa, 370, and *State v. Dorland*, 103 Iowa, 174, distinguished.

*Appeal from Cass District Court.*—HON. W. I. SMITH, Judge.

FRIDAY, APRIL 13, 1900.

THE defendant appeals from a judgment convicting him of having committed the crime of incest with a sister.— *Affirmed.*

*Bryant & Bryant* and *T. B. Swan* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

LADD, J.—Though not held to answer on preliminary examination, the defendant moved to set aside the indictment because a member of the grand jury returning it had previously formed and expressed an unqualified opinion of his guilt. This, a cause for challenge by one held to answer (section 5243, Code), is not recognized by the statute as a sufficient reason for setting aside an indictment. Section 5319 of the Code enumerates five grounds, numbering them, on one or more of which the motion to set aside must be sustained. The following sections provide for obviating this by correcting an omission to indorse the names of witnesses, and section 5321 denies the fifth ground—objection to the panel—to one held to answer. In previous sections (chapter 13, title 25) the right to the exercise of challenges to the panel and to individual jurors is given a person held on preliminary examination. Had the lawmakers intended the challenge to individual jurors to be available to one not bound over, this would, doubtless, have been mentioned among the grounds stated for setting an indictment aside. Specifying particularly what might be the basis of such a motion, in view of prior provisions,

and the subsequent reference to corrections and an exception, clearly indicates the purpose of the legislature that the grounds enumerated should be exclusive of all others. Going back of indictments for facts to abate or quash them—usually because of disqualifications or misconduct of grand jurors—formerly led to great delays and abuses; sometimes to the miscarriage of justice. Our statutes were enacted to simplify the practice as far as practicable, and do away with merely dilatory pleas. To this end objections which may be interposed, and the time, has been definitely fixed. Thus, in *State v. Russell,* 90 Iowa, 569, the motion to set aside, for that a brother of the injured party was a member of the panel was overruled; this not being one of the statutory grounds. The same ruling has been repeatedly made where the insufficiency or incompetency of evidence before the grand jury was the cause assigned. *State v. Tucker,* 20 Iowa, 508; *State v. Morris,* 36 Iowa, 272; *State v. Fowler,* 52 Iowa, 103; *State v. Smith,* 74 Iowa, 584. The supreme court of Oregon has held that only the enumerated grounds were available for such a motion. *State v. Whitney,* 7 Or, 386. That of South Dakota has reached the same conclusion. *State v. Bank,* 3 S. D. 52 (51 N. W. Rep. 338). See, contra, *State v. Brecht,* 41 Minn 52 (42 N. W. Rep. 603). Whether the court, in furtherance of justice, has the inherent power to set aside an indictment when procured through exceptional means, not referred to in this title,—as through misconduct of the judge, mentioned in *State v. Will,* 97 Iowa, 58,—ought not to be determined until necessarily involved. The only statutory guide defining the manner of performing their duties by the grand jury is the oath prescribed, copied in subsance, from that which has long been administered in England, followed in many states of the Union, where it has been uniformly regarded as an examining and accusing body, rather than a judicial tribunal. Our statute makes it the duty of every member of the panel knowing or having rea-

son to believe that a public offense has been committed, triable in the county, to inform his fellow jurors, and be sworn as a witness upon the investigation. Code, section 5260. This alone precludes the notion of an absolutely impartial trial before that body. It is accordingly held that, the fact of a member of the panel having formed or expressed an opinion of the guilt of the accused furnished no objection to the validity of the indictment. *State v. Fitzgerald,* 63 Iowa, 270; *State v. Rickey,* 10 N. J. Law, 83; *State v. Hamlin,* 47 Conn. 95; *Musick v. People,* 40 Ill. 268; *Lee v. State,* 69 Ga. 705; *U. S. v. Williams,* 1 Dill. 495, Fed. Cas. No. 16,716; *Com. v. Woodward,* 157 Mass. 516 (32 N. E. Rep. 939). See note to *State v. Russell,* 28 L. R. A. 200.

II. The expressions "evidence has been introduced tending to show sexual intercourse between the defendant and May Baughman," and "evidence has been introduced which tends to show that May Baughman became pregnant," found in the instructions, gave no intimation as to an opinion of the court concerning the issue being tried. Such evidence was before the jury, and the court could not well instruct without making some reference to it. *State v. Donovan,* 61 Iowa, 370, and *State v. Dorland,* 103 Iowa, 174, are not in point, as in those cases the word "some," in referring to evidence, was condemned, in that it conveyed an intimation of the court's view of its quantity and weight.

III. From the affidavit of Towne it appears that during the trial a juror stated, in conversation at the former's home, in substance that he was convinced of the defendant's guilt, and that it would require a good deal of evidence to change his mind; and, further, that he understood that defendant's father had been guilty of the same crime, and had run away. Towne claims to have advised him not to talk that way, as evidence might be offered to change his conclusions, and that the juror stated

"it couldn't be done." The rule generally laid down is that the irregularity, to raise a presumption of prejudice in the absence of connection therewith by either party, must be such as has a natural tendency to disqualify the juror for the proper and unbiased discharge of his duties. 2 Thompson Trials, section 2618. That his conduct was reprehensible is not questioned, but the expression of an opinion drawn from the evidence alone does not, of necessity, indicate undue bias against the accused. True, the court is required to admonish the jury, before each separation, not to converse among themselves or with others on any subject connected with the trial, and not to "form or express an opinion thereon until the cause is finally submitted to them," and this it is the duty of each juror to obey. Code, section 5383. Notwithstanding this, however, every lawyer knows that, as the trial progresses, the judge and every intelligent juror acquires an opinion, and this no act of legislature or admonition of the court can wholly prevent. It must not be overlooked that it is the fact of an opinion being entertained, and not its disclosure by a juror, that forms the objection The disclosure is evidence only of the opinion being held. "If the entertainment of an opinion of the subject-matter of the trial by a juror during its progress furnished ground for a new trial, no litigated matter could be brought to a close, for, from the very constitution of the human mind, opinions will be formed as facts are disclosed or reasons addressed to the understanding, liable to be and frequently changed, as these facts and reasons are met and confuted by others of an opposite tendency." All that may be insisted upon is that the minds of the jurors be kept in a receptive attitude, ready to receive any information to be obtained throughout the trial, and accord it proper consideration. If a juror inadvertently mentions the case, or indicates his convictions at the time being to a person in no way connected with the trial, or interested in the result, and by whom no attempt to influence is made, it does not follow

that, because of such opinion, he will turn a deaf ear to evidence subsequently given on the part of the defendant. Nothing said indicated personal bias or prejudice, and, in the absence of any showing to the contrary, it cannot be fairly said that any possible pride in an expressed opinion triumphed over the obligation assumed on entering the jury box to listen to and fairly weigh the whole evidence. What the juror said amounted to no more than an expression of his notion that the evidence pointed to the defendant's guilt, and that the defense would likely be unable to overcome it by any which might be produced. It was not necessarily calculated to impress the case on the juror's mind in a different aspect than that made by the evidence. While his conduct is to be condemned, it does not appear to have worked harm to the defendant. Misconduct does not entitle the defeated party to a new trial, unless it may be said to have influenced the result. It may furnish ground for the juror's punishment, but should not necessarily affect the parties to the suit when entirely innocent of wrongdoing. A large discretion in the matter of determining the effect of misconduct of jurors is necessarily lodged in the trial court (*Perry v. Cottingham*, 63 Iowa, 41), and we are of opinion it was not abused in this case. See 12 Enc. Pl. & Prac. 563; *McAllister v. Sibley*, 25 Me. 474; *State v. Craig*, 78 Iowa, 642; *Pettibone v. Phelps*, 35 Am. Dec. 90; *State v. Allen*, 89 Iowa, 51; *Com. v. Sallager*, 3 Pa. Law J. 511. The last case is precisely in point. Mention of the rumor concerning the father requires no attention, as it is not shown to have influenced the decision.

IV. The affidavits of newly-discovered evidence do not strictly contradict the testimony of Dahl that defendant intimated his guilt in a conversation with him. The statute does not authorize a new trial on this ground (*State v. Bowman*, 45 Iowa, 421), and it cannot be said that, because of the failure to call these affiants, the defendant was deprived of a fair and impartial trial. See *State v. Foster*, 91 Iowa,

164.   The record, as a whole, fails to show misstatements of the law by the county attorney.   But see *State v. Toombs,* 79 Iowa, 744.   The evidence was in conflict, and the verdict must stand.—AFFIRMED.