HIGGINS, Dist. Atty. v. BURTON, Judge.

No. 4231.   Decided December 30, 1924.   Rehearing denied January 23, 1925.   (232 Pac. 914.)

1.   CRIMINAL LAW—PENDING OF CIVIL ACTION TO DETERMINE OWNERSHIP OF STOCK ALLEGED TO HAVE BEEN EMBEZZLED HELD NOT GROUND FOR MOTION TO QUASH.   Pending of civil action to determine ownership of certificates of corporation stock alleged to

have been embezzled by defendant is not ground, under Comp. Laws 1917, § 8878, for quashing information.[1]

2.  CRIMINAL LAW—CERTIORARI HELD PROPER REMEDY FOR ERRONE-OUS ORDER QUASHING INFORMATION.  Certiorari is proper remedy for action of trial court in quashing information on an improper ground; there being no right of appeal nor other plain, speedy, and adequate remedy.

Original certiorari by William B. Higgins, District Attorney in and for Washington County, against Thos. H. Burton, as Judge of the District Court of Washington County, to review order quashing information, discharging defendant, and relieving his bondsmen.

ORDER VACATED.

*Wm. B. Higgins,* of Fillmore, for plaintiff.

*George B. Hancock,* of Cedar City, and *D. H. Morris,* of St. George, for defendant.

THURMAN, J.

Certiorari to review an order made by the defendant, quashing an information filed by plaintiff, as District Attorney, in the district court of Washington county, Utah.  The application as filed represents the plaintiff as the party beneficially interested, which is manifestly incorrect.  Plaintiff having moved this court for leave to amend, by substituting the state of Utah as plaintiff, an order was made granting said motion, and the amendment made accordingly.

The order quashing the information was made in the case of the *State of Utah* v. *William J. Graham,* wherein the information charged the defendant with the crime of embezzling certain certificates of capital stock of a corporation; said stock being of the alleged value of $15,000.  Defendant Graham, by his counsel, moved to quash the information upon the

[1] *United States* v. *Cutler,* 5 Utah, 608, 19 P. 145.

sole ground that there was a civil action pending to determine the ownership of the stock.

The defendant in this case, as judge of the Washington county district court, in which the information and motion to quash were filed sustained the motion to quash, liberated the defendant Graham, and discharged his bondsmen solely on the grounds stated in the motion.

The question to be determined is, Did the defendant as judge of said court exceed his jurisdiction in quashing the information and releasing the defendant and his bondsmen?

Compiled Laws Utah, 1917, § 8878, prescribes that an information may be set aside upon the following grounds:

"(1)   When it fails to recite that the defendant had theretofore been duly committed by a magistrate;

"(2)   When the names of the witnesses testifying on the part of the state in such examination are not indorsed thereon;

"(3)   When it is not signed by the district attorney or by the attorney pro tem. for the state."

The next section enumerates the grounds for setting aside an information.

In *United States* v. *Cutler,* 5 Utah, 608, 19 P. 145, it was held by this court that a motion to quash an indictment on the ground that the only witness before the grand jury was incompetent was not available, because the statute did not specify that as grounds for the motion.

The statute then in force, Crim. Code. § 185 (Laws 1878, p. 99) substantially the same as the present law, did not specify incompetency of a witness as ground for setting aside an indictment.

The rule announced in the Cutler Case is supported by the following cases:   *People* v. *Colby,* 54 Cal. 37; *People* v. *Schmidt,* 64 Cal. 260, 30 P. 814; *State* v. *Baughman,* 111 Iowa, 71, 82 N. W. 452; *State* v. *Tough,* 12 N. D. 425, 96 N. W. 1025; *Johnson* v. *State,* 22 Tex. App. 206, 2 S. W. 609.

The cases appear to be decided upon the maxim "Expressio unius," etc.   By analogy the same rule should be applied to motions to quash an information.

But, independent of the cases cited, it seems illogical, if not incongruous, to contend that a motion to quash should

prevail upon the grounds relied on in the instant case.  It is certainly elementary that a given state of facts where the right to property is involved may constitute grounds for both a civil and a criminal action.  In the one case individuals or corporations are the parties litigant; in the other the state or municipality is a party, and it would be incongruous to hold that the institution of a civil action by a private party could oust the state of its jurisdiction. The fact that the district attorney who filed the information .was also attorney for plaintiff in the civil action does not alter the case.  If the district attorney, after commencing a civil action, in good faith believed that the matter complained of in the action was also a crime against the state, it was his duty to institute criminal proceedings otherwise his official duty would be subordinated to his private business, which on his part would amount to a palpable neglect of official duty.

There being no right of appeal allowed the state in a case of this nature, or other plain, speedy, and adequate remedy, the court is of opinion the writ prayed for should be allowed.

For the reasons stated, the order entered by defendant as judge of the trial court setting aside the information, discharging the defendant and relieving his bondsmen, is hereby vacated, annulled, and set aside.  No costs are allowed in this case.

WEBER, C. J., and GIDEON, FRICK, and CHERRY, JJ., concur.

Term of office of WEBER, C. J., expired prior to action on petition for rehearing.

On Application for Rehearing.

THURMAN, J.  It is contended by defendant on application for rehearing that the case was decided by this court upon the theory that the motion to quash "was based upon some defect or other statutory deficiency in the information."

We do not so understand the opinion. On the other hand, as we understood the motion to quash, it was based entirely upon matter dehors the criminal record. The ground of the motion was that there was a civil action pending involving the same subject-matter. There is not even a stipulation in the record anywhere that the record in the civil case might be considered in determining the motion. But, waiving that objection, inasmuch as the record in the civil case was submitted to and considered by the trial court, as appears in his opinion deciding the motion, nevertheless the opinion of this court should stand for the reason that the proceedings in the civil case were wholly immaterial as grounds for setting aside the information. Our opinion was clearly and distinctly based upon the ground that a civil suit pending is no ground for quashing an information under Comp. Laws 1917, § 8878, to which we specifically referred. We held that that statute, was exclusive, and unless the ground relied on was within the statute the motion to quash should not prevail. For the reason that the statute was decisive of the question, we did not even refer to the record of the civil suit in our former opinion. The honorable trial judge, defendant here, in deciding the motion based his decision mainly upon section 8315, Laws Utah, above referred to, which reads as follows:

"Upon any indictment for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable."

This is so manifestly a defense to be raised under a plea of not guilty and tried by a jury that it is somewhat surprising it should have been relied on in support of a motion to quash.

A motion to quash under our statute supersedes the plea in abatement at the common law. In discussing pleas in abatement, 16 C. J., at page 406, says:

"Defendant cannot plead in abatement matters which are admissible in defense under the plea of not guilty, or which should be pleaded in bar."

Orderly procedure in a court of justice is of the last importance. A motion to quash or set aside an information under our statute has a fixed definite purpose, and the statute

itself limits the grounds. It does not mean a motion to dismiss the case. A motion to dismiss ordinarily goes to the merits of the case, or it may be interposed for a failure to prosecute as the law directs. In the instant case the motion was clearly a motion to quash, and was so treated by both this court and the court below.

We have devoted more time and space in explaining the scope and meaning of the opinion than we would have deemed necessary, had the question been other than a question of procedure. The application for rehearing is denied.

GIDEON, FRICK and CHERRY, JJ., concur.