[Crim. No. 9055.   Second Dist., Div. Four.   Oct. 13, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. SAM Lo
CIGNO, Defendant and Appellant.

Paul Augustine, Jr., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.— The single issue argued on this appeal is whether the dismissal of an indictment, following defendant's conviction and reversal of that conviction, barred his subsequent prosecution on a second indictment for the same offense.

In superior court case number 222583 defendant was charged by indictment with the murder of Jack Whalen.

After a trial by jury defendant was found guilty of murder in the first degree and the penalty was fixed at life imprisonment. Defendant appealed, and obtained a reversal of the judgment, both because of insufficiency of the evidence and because of errors of law occurring during the trial. (*People* v. *Lo Cigno,* 193 Cal.App.2d 360 [14 Cal.Rptr. 354].) The case was then set down for a retrial to commence November 8, 1961, in department 105.

On October 31, 1961, in superior court case number 249782, the grand jury returned a secret indictment containing two counts. The first charged Sam Lo Cigno, Michael Cohen, Roger Kallman Leonard, George Perry and Joseph De Carlo with the crime of conspiracy to commit murder in violation of section 182 of the Penal Code. Count II charged the same five persons with the murder of Jack O'Hara, also known as Jack Whalen.

On November 8, 1961, in case 222583, defendant appeared with his counsel in department 105, and moved for leave to withdraw his plea of not guilty to the original indictment and substitute a plea of guilty of manslaughter. The People opposed the motion and the court denied it. The court then made an order which (as subsequently corrected *nunc pro tunc*) reads: ''This case is dismissed under section 1385 Penal Code in the interests of justice and for the reason that another indictment relating to this charge has been returned and filed.''

In case 249782 defendant Lo Cigno pleaded ''not guilty'' and ''once in jeopardy.'' Each of the other defendants pleaded ''not guilty.'' There was a jury trial which resulted in the court declaring a mistrial on April 10, 1962, because the jury was unable to agree upon a verdict. On April 18, 1962, all five defendants moved for a dismissal. Thereupon the court dismissed the conspiracy count as to all defendants and dismissed the murder count as to all defendants except Lo Cigno.

After a number of continuances to which defendant consented the case was set for retrial on September 24, 1962. On that day defendant waived his right to a jury trial and a stipulation was entered into whereby the matter was to be submitted on certain portions of the record of the preceding trial, plus some additional testimony. On November 14, 1962, the court announced its decision finding defendant guilty of voluntary manslaughter, a lesser offense necessarily included within the charge set forth in the indictment.

. In due course defendant was sentenced to state prison. He has perfected this appeal from the judgment. Inasmuch as the sufficiency of the evidence is not in question, there is no need to discuss any facts other than the procedural events described above.

The pertinent sections of the Penal Code are as follows:

Section 1023: "When the defendant is convicted or acquitted or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that accusatory pleading."

Section 1385: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

Section 1387: "An order for the dismissal of the action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony."

It is well established that the dismissal of a felony prosecution does not operate as a bar to a new prosecution for the same offense. (Pen. Code, § 1387; *People* v. *Godlewski*, 22 Cal.2d 677, 681 [140 P.2d 381] (first proceeding dismissed under Pen. Code, § 1381); *People* v. *MacCagnan*, 129 Cal. App.2d 100, 112 [276 P.2d 679] (first proceeding dismissed under Pen. Code, § 1385).)

It is equally well settled that a trial resulting in conviction, followed by reversal on appeal for errors committed at the trial, does not bar a retrial. "He [the defendant who has appealed] does not gain immunity, for by successfully attacking the judgment he at least subjects himself to a retrial that may reach the same result.". (*People* v. *Henderson*, 60 Cal.2d 482, 495 [35 Cal.Rptr. 77, 386 P.2d 677].)

Defendant's position in this case could be sustained only if a combination of the two, i.e.—trial and reversal followed by dismissal—constituted a bar. There have been a number of cases in which such a combination was held not to preclude prosecution and conviction under a new accusatory pleading alleging the same offense.

In *People* v. *Schmidt,* 64 Cal. 260 [30 P. 814], defendant was tried and found guilty of murder. The conviction was reversed on appeal because the information had failed to allege that the homicide had been committed with "malice aforethought." Thereupon the trial court dismissed the proceeding on the motion of the district attorney under Penal Code section 1385. A new information was then filed, upon which defendant was tried and convicted despite his plea of "once in jeopardy," and the judgment was affirmed in the Supreme Court.

In *People* v. *Wickham,* 116 Cal. 384 [48 P. 329], a prosecution for embezzlement, the first conviction was reversed because the information had not been filed within 30 days after commitment. The first prosecution was then dismissed and a new information was filed charging the same offense. Despite defendant's plea of once in jeopardy, his conviction under the second information was affirmed.

In *People* v. *Grace,* 88 Cal.App. 222 [263 P. 306], defendant was charged by information with robbery, tried, and convicted. That judgment was reversed because it appeared that the defendant had not been accorded a sanity hearing before trial. The case was remanded for a new trial, with instructions that the issue of defendant's sanity be tried first. Following remand, there was a sanity trial, at which defendant was found to be sane. Thereafter the grand jury returned an indictment against defendant for the same offense. On motion of the district attorney, and over the objection of defendant, the court dismissed the information under Penal Code section 1385. Defendant was then tried under the indictment, and convicted, and the judgment was affirmed on appeal. The appellate court said (at p. 229) : "The dismissal of the information terminated that proceeding, and so far as the indictment was concerned, effectively disposed of the information as though it had never been filed. When the defendant stood before the court and was arraigned under the indictment, his status was the same as though there never had been an information filed against him, or that he had never been tried under the information, found guilty and the case reversed."

Error committed at the trial was not the ground on which the first conviction had been reversed in any of those three cases. Each was a case in which an error had been committed prior to trial which made it necessary to set aside the judgment upon the defendant's appeal. But we do not regard this difference in facts as sufficient to require a different result

here. These three cases illustrate the point that neither a trial and reversal nor a dismissal nor the combination of them constitutes a bar to a new prosecution in a felony charge.

Defendant relies upon *Cardenas* v. *Superior Court,* 56 Cal. 2d 273 [14 Cal.Rptr. 657, 363 P.2d 889], and *Jackson* v. *Superior Court,* 10 Cal.2d 350 [74 P.2d 243, 113 A.L.R. 1422]. In each of those cases, after a jury had been empaneled and sworn, the court had declared a mistrial, and discharged the jury without the consent of the defendant. The holding of the two cases is that the discharge of the jury, under those circumstances, amounts to an acquittal which bars further prosecution. ■ But, as the *Cardenas* opinion points out, "The defendant's motion for a mistrial, where it is granted by the court, operates as a waiver of the claim of once in jeopardy." (56 Cal.2d at p. 276.) There is nothing in either the *Jackson* or the *Cardenas* opinion which conflicts with the settled proposition, adhered to in the cases cited above, that a defendant may be tried again after he himself has successfully attacked the prior judgment on appeal.

■ As his final argument defendant points to the underlying policy against double jeopardy that the state "should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal. . . ." (*Green* v. *United States,* 355 U.S. 184, 187 [78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119].) But the decisions of the courts demonstrate that this policy does not apply to prevent the retrial of a defendant after he has successfully attacked a conviction on appeal, and after a mistrial has been declared on account of the inability of the jury to reach a verdict. Defendant is no worse off for having been tried upon a second indictment rather than retried upon the first.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 8, 1965. Mosk, J., did not participate therein.