Herbert STREHL, Plaintiff,

v.

The DISTRICT COURT OF SALT LAKE COUNTY, State of Utah, Defendant.

Rolf SALM, Plaintiff,

v.

The THIRD JUDICIAL DISTRICT COURT of the State of Utah, Defendant.

Nos. 14431, 14504.

Supreme Court of Utah.

Dec. 29, 1976.

Sumner J. Hatch, of Hatch, McRae & Richardson, Salt Lake City, for Strehl.

Louis M. Haynie, Salt Lake City, for Salm.

R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for defendant.

MAUGHAN, Justice:

Two petitions for an Extraordinary Writ of Prohibition are consolidated in this case. The petitioners were initially charged, by

complaint, with the crime of rape. At their preliminary hearing the petitioners testified as to the consensual nature of their relations with the alleged victim. The committing magistrate dismissed the action on the ground of insufficiency of evidence.

The County Attorney then presented the matter to the Grand Jury, which, after hearing the testimony of the victim and an investigating police officer, indicted petitioners for rape.

Petitioners filed a motion to quash the indictment, which was denied. Thereafter, they separately filed the instant petitions, seeking to prohibit the District Court for Salt Lake County from proceeding further on Grand Jury indictments against them. We issue the writ.

If the Grand Jury violated its express statutory duty as prescribed in Section 77–19–4, U.C.A.1953, or if it was given no opportunity to exercise that duty, the indictment is void and confers no jurisdiction upon the trial court to try petitioners for the offense charged.

Section 77–19–4, U.C.A.1953, provides:

The grand jury shall not be bound to hear evidence for the defendant; but it is their duty to weigh all the evidence submitted to them, and *when they have reason to believe that other evidence within their reach will explain away the charge, they should order such evidence to be produced,* and for that purpose may require the prosecuting attorney to issue process for the witnesses. [Emphasis added.]

This court has previously stated the aforementioned statute is one of those prescribing the powers and duties of grand juries.[1]

After the instant petitions were filed, the County Attorney filed an affidavit stating that although the record before the Grand Jury does not reflect the matter, he, in fact, informed the Grand Jury the complaint had been dismissed for insufficient evidence by a committing magistrate.

■ The evidentiary record of a Grand Jury may not be supplemented by an affidavit of a prosecutor. If it could, the affidavit here does not show the statements of the Deputy County Attorney qualify, under the statutory requirements, to be received as *evidence* by the Grand Jury.

Section 77–19–3, U.C.A.1953, as amended 1967, provides:

In the investigation of a charge for the purpose of indictment *the grand jury must receive no other evidence than such as shall be given by witnesses produced and sworn before them,* or furnished by legal documentary evidence, or the deposition of a witness as provided in section 77–1–8. . . . [Emphasis added.]

■ A question of grave import, implicit in this matter, is whether the Grand Jury may, at its option, determine whether to order the production of evidence which will explain away the charge, after being informed of its availability. Does the Grand Jury have a statutory duty, under Section 77–19–4, to order the production of exculpatory evidence, if it has reason to believe it is within its reach?

The first clause of Section 77–19–4 states the Grand Jury shall not be bound to hear evidence for the defendant; however, the remaining clauses set forth the duties of the jury in regard to evidence. A reasonable interpretation of the first clause is that the Grand Jury need not actively seek evidence exculpatory in character; nor, owing to the secrecy of the proceedings, does one have a right to be informed of the investigation and have an opportunity to present evidence in his behalf. However, the Grand Jury is commanded to weigh all evidence submitted to them. Within the statutory duty clauses, how must the following be interpreted: "When they have reason to believe that other evidence will explain

---

1. In re Report of Grand Jury, *Shoemaker, et al., v. State,* 123 Utah 458, 462, 260 P.2d 521 (1953).

away the charge, they should order such evidence to be produced."

In its historic role, the Grand Jury acts to protect as well as to accuse. Its duty to exonerate, in the face of exculpatory evidence, is not less demanding than its duty to indict, when evidence so requires. The word "should" is defined as being used in an auxiliary function to express duty, obligation, necessity, propriety, or expediency.[2] It is clear the term "should order," read within the historic role of the Grand Jury and the context of the statute, sets forth a statutory duty in mandatory terms.

Both parties cite *Johnson v. Superior Court of San Joaquin County*[3] wherein the court ruled that when a district attorney, seeking an indictment, is aware of evidence reasonably tending to negate guilt, he is obliged to inform the Grand Jury of the nature and existence of such evidence; so the Grand Jury may exercise its power to order the evidence produced. The *Johnson* case concerned the obligation of the District Attorney to inform the Grand Jury, and the court issued a writ of prohibition on the ground the obligation of the District Attorney had not been fulfilled. The court did not address the issue of whether the Grand Jury was required to order production of the evidence. However, the court observed that Section 939.7, Penal Code of Cal., which is similar to Section 77–19–4, U.C.A. 1953, had a protective role because the proceedings of a Grand Jury are held in secret without notice to the defendant.

The court stated:

> . . . A Grand Jury should never forget that it sits as the great inquest between the state and the citizen, to make accusations only upon sufficient evidence of guilt, and to protect the citizen against unfounded accusation, whether from the government, from partisan passion, or private malice. [Citation]

The protective role traditionally played by the Grand Jury is reinforced in California by statute (Section 939.7) . . . .[4]

In the instant case, there is no evidence in the record of the proceedings before the Grand Jury that it had an opportunity to order exculpatory evidence.

TUCKETT, J., concur.

HENRIOD, Chief Justice (concurs in the result):

I concur in the result, for the following reasons:

Irrespective of the gravity of the charge and the position of the prosecution that there was no irregularity in the grand jury procedure, it is conceded that 1) after a plenary hearing at a preliminary examination, and without objection of any kind, the state presented or had the opportunity to present all the evidence it had at its command, and having done so, the case was dismissed for lack of evidence;[1] that thereafter, 2) the prosecution, obviously unhappy with such exoneration, sought a second go at it by seeking out the grand jury, which happened to be in session, in an effort to succeed where before it had failed,[2] and in doing so 3) induced an indictment, whose interdictional soundness appeared to be highly debatable and in this author's opinion, quite lacking in full adherence to grand jury statutory and procedural practice.

CROCKETT, Justice (dissenting):

The petitioners in these two cases were charged with the crime of rape and after a preliminary hearing before the City Court of Salt Lake City, which included exculpatory testimony by the petitioners, the charges were dismissed. Later, upon presentation of evidence to a grand jury, it indicted each of them for that crime. They each filed motions to quash, which were

---

2. Webster's Third New International Dictionary.

3. 15 Cal.3d 248, 124 Cal.Rptr. 32, 539 P.2d 792 (1975).

4. At p. 254, p. 35 of 124 Cal.Rptr., p. 795 of 539 P.2d.

1. At that juncture, in almost every instance it is a fact that defense lawyers traditionally and with good reason consider the matter to be closed once and for all.

2. Suggesting no recognition of a principle, not exactly the same, but something akin to the constitutional double jeopardy concept.

denied by the trial court. They thereupon filed their petitions in this court seeking to restrain further proceedings against them and to quash the indictment.

Their petitions are based upon the grounds: (1) the grand jury record does not show any of the exculpatory evidence given on their behalf at the preliminary hearing which had resulted in the dismissal of the charges by the committing magistrate; (2) they aver that there is a total lack of evidence which would implicate petitioners in the crimes charged.

They also contend that the affidavit of William Hyde, the prosecuting attorney for the grand jury, should be stricken because it was filed after the filing of this petition and is not part of the grand jury record.[1] To strike that affidavit would withhold from this Court what did occur regarding the information given to the grand jury. This is an original proceeding in this court and the averments of Mr. Hyde have the same dignity as the averments of the petitioners. Particularly so when the affidavit stands unrefuted. The motion to strike is not well taken; and we should consider the entire facts as shown to this court.

Section 77–23–3, U.C.A.1953, provides the only grounds on which an indictment can be quashed, and it will be seen that none stated therein justify dismissal of these actions.

Petitioners argue that their exculpatory evidence was withheld from the grand jury record; and that under the reasoning of *Johnson v. Superior Court of San Joaquin County*,[2] the writ should be granted and the indictment dismissed. The *Johnson* case stands for the proposition that when the district attorney seeking indictment is aware of evidence which reasonably tends to negate guilt, he has the obligation to inform the grand jury of its nature and existence so they may exercise their power to order the evidence produced. California

Penal Code 939.7 is equivalent to 77–19–4, U.C.A.1953, which states as follows:

> The grand jury shall not be bound to hear evidence for the defendant; but it is their duty to weigh all the evidence submitted to them, and when they have reason to believe that other evidence within their reach will explain away the charge, they should order such evidence to be produced, and for that purpose may require the prosecuting attorney to issue process for the witnesses.

This statute clearly indicates that the grand jury has the prerogative of ordering evidence produced if they have reason to believe it will explain the charge; but there is no requirement that they hear evidence for the defendant. The holding in *Johnson*, supra, implies that there is an obligation on the part of the prosecuting attorney to call such evidence to the attention of the grand jurors so that they can ask for further evidence if they choose to do so. In that case, the district attorney knew that exculpatory testimony existed but failed to so inform the grand jury. This was deemed sufficient for the court to grant the prohibition, but it was granted without prejudice so that the district attorney could seek another indictment if he so desired.

In the instant case, there was no failure on the part of the prosecuting attorney to bring exculpatory evidence to the attention of the grand jury. Mr. William Hyde told the grand jury about the preliminary hearing and the dismissal of the complaint against the petitioners after hearing their exculpatory testimony. It was then the prerogative of the grand jury to ask for further evidence in the form of the preliminary hearing transcript, or calling other witnesses, including the petitioners herein, but it chose not to do so, as is its privilege under 77–19–4, U.C.A.1953. The problem here arises because the statement of Mr.

1. When the writs were filed in this Court, Mr. Hyde filed an affidavit wherein he stated that he personally informed the grand jury of the exculpatory evidence, but that the reporter only recorded the evidence given by the witnesses and, therefore, the record did not reflect fully the facts as given to the grand jury.

2. 15 Cal.3d 248, 124 Cal.Rptr. 32, 539 P.2d 792 (1975).

Hyde was not included in the grand jury record and petitioners claim they are prejudiced thereby.

The statement given by Mr. Hyde is shown by his affidavit. There is no reasonable basis to believe the affidavit untrue, or that the statement of Mr. Hyde (or a lack thereof) would have altered the outcome of the grand jury investigation. The testimony given by the victim was sufficient to raise a question for the trier of fact. A grand jury indictment is merely a preliminary determination based on reasonable grounds. The petitioners are not precluded from introducing any exculpatory evidence they wish to produce at the trial, whether or not it was reported in the earlier grand jury record. It therefore, cannot be said that petitioners' rights have been substantially prejudiced.

It is not necessary that the evidence considered by the grand jury in handing down an indictment be conclusive, only that it be sufficient to show reasonable grounds for binding over the accused for trial. This Court has held that the sufficiency of the evidence to justify holding the accused to answer cannot be raised by a motion to quash the information.[3] Further, even though Mr. Hyde's statement to the grand jury is not in its record, that fact is also not grounds for a motion to set aside the affidavit or to quash the indictment because neither is permitted by the statute.[4]

The Bill of Particulars was consistent with the indictment and contained nothing which would indicate there was a total lack of evidence against plaintiff, Salm. Therefore, the ground claimed by Salm under 77–23–3, U.C.A.1953, should fail. The victim's verbal description reported in the Bill of Particulars was sufficient to cause the police to suspect Salm who was in the employ of Strehl (who had already been positively identified by the victim). The association of Salm and Strehl, together with their admissions of having been with the victim on the date of the alleged crime, adds to the sufficiency for submission to a jury.

As to the tape-recorded telephone conversation objected to by petitioner, Strehl: Its admissibility of any tape-recorded conversation can be dealt with by the Court if and when offered at trial.

A grand jury having returned indictments charging each of these plaintiffs with the crime of forcible rape, I know of no lawful reason, and have been shown none, why they should not be left to whatever procedures are available to them in the District Court, including a trial by a jury, or the court, as the petitioners choose. Under our system the main purpose and value of the grand jury is as a standby procedure that can be resorted to when the regular law enforcement processes fail to function. An arbitrary dismissal of a charge because of an irregularity should not be allowed unless the defendant suffers a substantial prejudice to his rights and is deprived of a fair trial under due process of law.[5]

The issuance of this writ by this court represents a willingness on its part to prejudge the disputed evidence in these cases, a prerogative which rightly belongs only to the jury, or the trial court, and is thus a wholly unjustified interference with the processes of law; and it effectively deprives the prosecution, representing the interest of the public, of the opportunity to so proceed with these cases in an orderly manner. For those reasons I think it is entirely unwarranted to interfere with the processes of law in the lower courts by issuing the writ.[6]

Petitioners should be left to their asserted meritorious defenses and the regular course of procedure; and then, if upon a trial they are convicted, they can appeal and attack any errors or improprieties they believe have occurred. Accordingly, their

---

3. *State v. Crank,* 105 Utah 332, 142 P.2d 178 (1943).

4. *U. S. v. Cutler,* 5 Utah 608, 19 P. 145 (1888); 77–23–3, U.C.A. (1953).

5. Section 77–42–1, U.C.A. (1953).

6. That this Court should be reluctant to interfere with procedure in lower courts see, *Atwood v. Cox,* 88 Utah 437, 55 P.2d 377.

petitions for extraordinary writs should be denied. But in view of the fact that the Writs are being granted, it should be observed that the defendants have not yet been in jeopardy and that the prosecuting attorney, if he deems it advisable, may proceed with another prosecution.

ELLETT, J., concurs in the views expressed in the dissenting opinion of Mr. Justice CROCKETT.

WILKINS, Justice:

Justice TUCKETT having acted on this case before leaving the court, I do not participate.